[2 NYS3d 335]

In the Matter of DOMINIC E. EZEUDU, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 19, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Dominic E. Ezeudu*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Dominic E. Ezeudu was admitted to the practice of law in the State of New York by the Second Judicial Department on May 18, 1994.* The Departmental Disciplinary Committee believes respondent no longer maintains an office for the practice of law within the First Department; however, this Court has jurisdiction over him based upon his last known business address (*see* Rules of App Div, 1st Dept [22 NYCRR] § 603.1).

The Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), disbarring respondent from the practice of law, because he was suspended under 22 NYCRR 603.4 (e) (1) (i) and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension.

Respondent was initially suspended on November 20, 2013 as part of a mass suspension, pursuant to Judiciary Law § 468-a, for failure to pay attorney registration fees. By notice of motion dated December 11, 2013, the Committee sought a further order suspending respondent because he failed to cooperate with the Committee's investigation of a complaint alleging that respondent neglected an immigration matter by failing to notify the client that his petition had been denied before the time to appeal had expired, resulting in the client's deportation.

By unpublished order entered January 29, 2014, this Court granted the Committee's motion for an order permitting service by publication in the New York Law Journal of the Committee's motion to suspend respondent on an interim basis. The notice was published in the New York Law Journal on February 4, 2014. Service was also made by mailing a copy of the motion to respondent's last known business and residential addresses. The Committee's notice of motion seeking respondent's interim suspension contained the following notice:

> "PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR 603.4 (g), an attorney who is

---

* Respondent, pro se, has not appeared in this proceeding.

suspended and who has not appeared, or applied in writing to the Committee or this Court for a hearing or reinstatement, for six months from the date of the order of suspension, may be disbarred without further notice."

Respondent failed to appear or answer the motion.

By order entered May 22, 2014, this Court granted the Committee's motion and continued respondent's suspension from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i), until further order of the Court (119 AD3d 116 [1st Dept 2014]). On May 23, 2014, the Committee served respondent with a notice of entry of this Court's order of suspension, by mailing same by first-class mail and certified mail, return receipt requested, to four of his last known addresses.

More than six months have elapsed since this Court's May 22, 2014 suspension order and respondent has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement (*see Matter of Banji*, 119 AD3d 74 [1st Dept 2014]; *Matter of Gadsden*, 112 AD3d 65 [1st Dept 2013]; *Matter of Way*, 109 AD3d 148 [1st Dept 2013]; *Matter of Reis*, 105 AD3d 62 [1st Dept 2013]). Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

Tom, J.P., Friedman, Sweeny, Saxe and DeGrasse, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.